IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-00991-CMA-KMT

ESTATE OF JEFFREY MELVIN, by and through its personal representative Jeffrey Melvin Sr.;

    Plaintiff,

v.

CITY OF COLORADO SPRINGS, COLORADO;
DANIEL PATTERSON, in his individual capacity; and
JOSHUA ARCHER, in his individual capacity,

    Defendants.

---

**PLAINTIFFS' MOTION PURSUANT TO RULE 4(d)(2) FOR AWARD OF FEES AND COSTS IN CONNECTION WITH SERVICE OF PROCESS OF DEFENDANT JOSHUA ARCHER**

---

Plaintiffs, by and through counsel, Darold W. Killmer, Liana Orshan, Reid Allison, and Tyrone Glover, of KILLMER, LANE & NEWMAN, LLP, hereby submit this Motion Pursuant to Rule 4(d)(2) for Award of Fees and Costs in Connection with Service of Process on Defendant Joshua Archer, as follows:

I. **DEFENDANT ARCHER IS REQUIRED TO PAY FEES AND COSTS ASSOCIATED WITH SERVICE OF PROCESS.**

    a. **Rule 4(d), Fed.R.Civ.P., Mandates Imposition of Costs of Service Upon Defendants Who Violate the Duty to Minimize Costs of Service**

The Federal Rules of Civil Procedure provide an incentive for parties to waive service as well as sanctions if they do not do so. Specifically, Rule 4(d) allows additional time in which defendants can respond to a complaint if they agree to waive service of process. *CNA Sur. v. Barnett*, 2006 U.S. Dist. LEXIS 89519, 3-4 (D. Colo. 2006). If the defendant fails to waive service, the plaintiff must effectuate personal service according to the rules, but in that circumstance, imposition of costs and fees required to effectuate service of process is mandatory.  Rule 4(d)(2), F.R.Civ.P., provides as follows:

> (2) Failure to Waive. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, **the court must impose** on the defendant:
>
> > (A) the expenses later incurred in making service; and
> > (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Rule 4(d)(2)(emphasis added). The Notes of the Advisory Committee on the 1993 amendments provide some framework for analyzing the intent of this Rule:

> The aims of the provision are to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel. **The Rule operates to impose upon the defendant those costs that could have been avoided if the defendant cooperated reasonably in the manner prescribed**. This device is useful in dealing with defendants who are furtive…and can be served only at substantial and unnecessary expense. . . . . A defendant failing to comply with a request for waiver shall be given an opportunity to show good cause for the failure, but <u>sufficient cause should be rare</u>. It is not a good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction.

(Emphasis added).

    **b. Defendant Archer Violated the Rule**

Defendant Archer was a police officer employed by Defendant Colorado Springs during the relevant time of events that resulted in the death of Jeffrey Melvin Jr. During the beginning stages of this litigation, while Plaintiffs were attempting to serve all Defendants with the Summons and Complaint (Doc. 1), Plaintiffs learned that Defendant Archer had separated from his employment with the City of Colorado Springs and moved out of Colorado. Counsel for defendants (now including Defendant Archer) Anne Turner accepted service of process on behalf of the other Defendants (the City of Colorado Springs and Officer Patterson), confirmed that Defendant Archer is no longer employed by Defendant Colorado Springs, and asserted that neither she nor the City Attorney's Office represented Defendant Archer and therefore refused to accept service of process on his behalf.

On April 15, 2020, Ms. Turner completed waivers of service on behalf of Defendants Colorado Springs and Daniel Patterson but refused to do so on behalf of Defendant Archer. **Exhibit 1, April 15-24, 2021 Emails at 6**. On April 15, 2020, Plaintiffs asked if the City of Colorado Springs had any last known contact information for Defendant Archer, and if it could be provided. **Id. at 5-7.** On April 21, 2020 Plaintiff's counsel followed up by email asking if this information could be provided in the spirit of F.R.C.P. Rules, 1, 4 and 26(a)(1).[1] *Id.* at 4.

---

[1] Such information is mandatorily disclosable under Rule 26(a)(1)(A)(i), F.R.Civ.P., which provides that "a party must, without awaiting a discovery request, provide to the other parties … the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."

Ms. Turner responded a day later that she would not be providing the requested information, asserting that under CORA, she was not required to provide contact information for a police officer. *Id.* at 3. Such a position is unjustified, as this matter is *in litigation*, and Plaintiff was not seeking a CORA request or response. CORA simply does not apply, the Federal Rules of Civil Procedure govern. It should be noted that Ms. Turner was in possession of contact information for Mr. Archer, but continued to refuse to provide said information to Plaintiff. In his email response, Plaintiff's counsel clarified that he was not seeking personnel information pursuant to a CORA request, but rather contact information for purposes of service of process given defense counsel's refusal to voluntarily accept service under the rules of civil procedure, including Rule 4 and Rule 26(a)(1)'s mandatory disclosure requirement. *Id.* at 2-3. On April 24, 2020, Ms. Turner still refused to provide the information asserting that she believed she was under some statutory provision (again, under CORA) that allowed her to withhold the information necessary for plaintiffs to effectuate service of process. *Id.* at 1. Defense counsel (who in fact currently represents Archer) refused to provide any physical address, email address, telephone number, or any other contact information for Defendant Archer. *Id.* This "hide the ball" tactic required Plaintiffs to search for Defendant Archer to serve the Complaint upon him.

Given Defense counsel's lack of cooperation, Plaintiff's counsel then performed an independent investigation to locate and serve Mr. Archer. First counsel conducted a search using internet investigative techniques, including the Lexis tool *Accurint* and making searches of commonly used social media and other Internet tools. **See Exhibit 2, Accurint Search Results**. An address in Fountain, Colorado was found and

4

believed to be the best information among the investigative results. On May 14, 2020, service was scheduled with Larry Hartman of the service of process company Checkmate, and he attempted service at the Fountain address. **See Exhibit 3, Affidavit of Non Service Colorado – Archer via Larry Hartman - Checkmate**. On May 27, 2020, Checkmate sent notice that the house was vacant with a "no trespassing" sign on the front. *Id.* On May 29, 2020, using Checkmate again, a skip trace was ordered at an additional cost of $100.00. **Exhibit 4, Joshua Nathan Archer-Skip Trace**. The skip trace returned a new possible location in Riverside County, California.

On June 11, 2020, Inland Empire Court Services (IECS) in California was hired to serve the summons and complaint at a cost of $50. On June 14, 2020, IECS attempted to serve Defendant Archer at his last known address, 16799 Colt Way in Moreno Valley, California 92555. **Exhibit 5, IECS Affidavit of Non-Service**. Defendant Archer, however, stayed at least one step ahead of the pursuit, and no longer lived at that address. The occupant of the home indicated that Archer had been renting a room at that address but was now staying with a friend. *See Id.* That individual refused to provide any additional information on the friend or Defendant Archer or where he/she lives.

On June 18, 2020, Plaintiff's counsel again reached out to Ms. Turner for information to help locate Mr. Archer. He advised her of the efforts undertaken to date and asked her to provide any additional information the City of Colorado Springs may have for Defendant Archer. In response, Ms. Turner now confirmed that one of the addresses on which service was previously attempted was the last known residential address the City had for Archer and asserted that she had no more current information

on where he lived**. Exhibit 6, June 18, 2020 Emails at 2-4.** Ms. Turner, however, subsequently made clear that she did have an email address for Defendant Archer that was different than the one Plaintiff's counsel had obtained through the skip trace— but she nevertheless refused to provide that email address.  Plaintiff's counsel would be required to continue to expend time, money and other resources in the search for Defendant Archer.

After an email address and multiple telephone numbers were acquired through skip tracing, on June 29, 2020, Plaintiff's counsel again reached out to Ms. Turner asking to confirm if any of the information he provided was consistent with her records. **Id. at 1-2.** Ms. Turner's response was, "I do not have a different phone number for Mr. Archer, **but I do have a different email address**." *Id*. **at 1.**  Once again Ms. Turner refused to provide that information. *Id.* On June 30, 2020, Plaintiff's counsel attempted *again* to confer with Ms. Turner, this time sending an email which attached prior orders issued by Judges Boland and Krieger on this precise issue, in which the Court stressed the importance of disclosure of such identifying information and the mandatory nature of Rule 4 (Judge Boland imposed sanctions against Denver for its role in impeding the service of process of an individual defendant in a Section 1983 case, *Emily Rice v. Denver et al*.). **Exhibit 7, June 30-July 6, 2020 Emails p. 2-3.**

On July 6, 2020, Plaintiff's counsel again emailed Defense counsel Anne Turner to follow up on the June 30th email, again requesting Defendant Archer's email address. *Id.* **at 2-3**. In her response, Ms. Turner refused to supply the email address noting that she did not "see any authority requiring [her] disclosure of Mr. Archer's email address at this time absent court order."  *Id.* **at 1**. No other reason was given as a basis

6

for the refusal to provide the contact information.  Defense counsel was simply refusing to cooperate absent a court order.

On July 8, 2020, Plaintiff hired investigator Ryan Ross of Ross Investigators to engage in further investigative work to find Defendant Archer.   Mr. Ross performed his own investigation and attempted to find additional information on Mr. Archer's family and his possible new location. The affidavit of Ryan Ross is attached detailing his personal efforts to locate and serve Defendant Archer. **Exhibit 8, Affidavit of Ryan Ross**.

Having been frustrated at every turn by defense counsel, after substantial conferral and independent investigation, on August 10,2021, Plaintiff then moved this Court for Leave to Serve Joshua Archer by Substituted service (Doc.50). On October 7, 2020, after briefing, this Court ordered:

> Plaintiff's counsel Reid Allison emailed Defense counsel Anne Turner to ask for Defendant Archer's email address. (Doc. No.50, 18.) In her response, Ms. Turner refused to supply the email address noting that she did not "see any authority requiring [her] disclosure of Mr. Archer's email address at this time absent court order." (Id.) Accordingly, **this court ORDERS Defendants' counsel to provide Plaintiff's counsel with Defendant Archer's last known address and email address, no later than October 16, 2020.** Plaintiff's counsel is ORDERED to keep the address and email address from dissemination to anyone except as required for service of process on Defendant Archer. As an alternative to providing Defendant Archer's address and email address, Defendants' counsel may accept service on behalf of Defendant Archer on or before October 16, 2020. Defendants' counsel shall, on or before October 19, 2020, file a status report to advise whether Defendant Archer's address or email have been provided to Plaintiff's counsel or whether they will accept service on Defendant Archer's behalf.
>
> (Doc. 61, Order—Motion for Leave to Serve Defendant Joshua Archer by Substituted Service of Process).

7

Despite this clear encouragement from this Court to defense counsel to simply accept service of process, counsel for Mr. Archer refused.  On October 13, 2020 defense counsel instead provided Plaintiff's counsel with Defendant Archer's email address. *See* Doc 65 (Status Report), which required Plaintiff's counsel to engage in even further time and resource-intensive pursuit of this former police officer. On October 19, 2020, the Court ordered Plaintiff to file a status report on or before November 16, 2020 advising the Court of further attempts at service of Defendant Archer (Doc. 66) *Minute Order*. On November 13, 2020, having sent the Complaint and a waiver form to Defendant Archer at the newly obtained email address, Plaintiff's Counsel finally received a signed waiver of service executed by Defendant Archer.

Ms. Turner, counsel for Colorado Springs and Officer Patterson, promptly took up her defense of Defendant Archer, having failed at completely thwarting Plaintiff's efforts to serve the complaint.

On December 18, 2020, Ms. Turner filed a Joinder of Defendant Joshua Archer in Motion to Dismiss Amended Complaint (Doc. 41) whereby she indicated that "[s]pecifically, Defendant Archer joins in and adopts as though fully set forth herein the arguments and authority set forth in the Motion to Dismiss the Amended Complaint seeking dismissal of Plaintiff's discernible equal protection claim against the Individual Defendants on the ground of qualified immunity." (Doc. 73 citing Doc 41 at 4-7). Ms. Turner continues to represent Defendant Archer.

    **c. Defendant Archer is Liable for the Expenses, Including Attorney Fees, Incurred in Connection with Effectuating Formal Service of Process**

Federal Rule of Civil Procedure 4(d)(1) provides that an individual who is subject to service "has a **duty** to avoid unnecessary expenses of serving the summons." As the foregoing makes clear, Defendant Archer and his counsel have been well aware for months of Plaintiffs' multiple requests that Officer Archer waive formal service of process. His lawyers have been advised of the consequences of failing to waive (with legal authority and Orders from this Court on the exact same issue), yet Defendant and his counsel abjectly refused to cooperate. Despite numerous requests from Plaintiffs' counsel as to what "good cause" Ms. Turner had for such failure to disclose, none was provided, ever. Defense counsel only provided Defendant Archer's email address after requiring Plaintiffs to expend time and expense to obtain a Court order, and only after multiple requests for voluntary cooperation by Plaintiff Counsel. Moreover, Defense counsel represented on multiple occasions that she did not represent Defendant Archer, but after Archer was personally served at great expense of time and money, entered as counsel on his behalf after such service, and filed a responsive pleading. Defendant and his counsel's furtive, evasive and uncooperative conduct is precisely the reason for the existence of Rule 4(d)(2), Fed.R.Civ.P.

Plaintiffs now seek reimbursement from Defendant Archer for the reasonable expenses incurred, including attorney's fees, in making service of process and preparing and filing related motions and other briefing, including but not limited to: conferrals to obtain voluntary compliance, motions for extending the deadline for service of process expenses related to investigation and investigators in an effort to effect service, motions for substituted service, and the present motion. These motions are required to collect those service expenses, including

9

the actions necessary to provide support for this Motion. Plaintiffs calculate the expenses as follows:

- Plaintiffs retained the services of private investigator, Ryan Ross, to locate Defendant Archer for purposes of effectuating service process. Ryan Ross provided an invoice for his time spent attempting to locate Defendant Archer, totaling **$625.65 Exhibit 9, Ross Investigations Invoice 2023, dated August 3, 2020.**

- Plaintiffs retained the services of Checkmate, Inc. to effect service on Defendant Archer and to also run skip trace at an additional cost, totaling **$204.60. Exhibit 10, Checkmate Invoice 3914, dated June 16, 2020.**

- Plaintiff also retained the services of Inland Empire Court Services (IECS) Plaintiffs to effect service totaling **$50, Exhibit 5**.

- The total compensable expenses, incurred in connection with Defendant Archer's failure to waive service of process = $**880.25**

- Additionally, Attorneys and Paralegals at KILLMER, LANE & NEWMAN, LLP spent compensable hours on this issue, resulting in reasonable attorney fees, which are still accumulating because of the prosecution of this Motion.  A detailed itemization of the hours spent and the hourly rates customarily charged by legal staff will be submitted upon granting of this motion.

The expenses requested herein are reasonable and include only those expenses that were incurred after May 8, 2021, the 30th day after which Defendant

Archer and his counsel became aware of his duty to avoid unnecessary costs of service of process and proceeded to ignore that duty and actively avoid service of process. The factual averments in this Motion regarding efforts to confer to obtain voluntary compliance, and the efforts to investigate to effectuate service of process on Archer, are true as set forth above.

### CERTIFICATION PURSUANT TO D.C. COLO. LCivR.7.1

Counsel for Plaintiff, Darold W. Killmer, certifies that he conferred with counsel for Defendant Archer, Anne Turner, regarding Defendant's position on this Motion. Counsel for Defendant Archer stated that she opposes the Motion.

Dated this 5th day of April 2021.

/s/ Darold Killmer
Darold W. Killmer
Liana Orshan
Reid R. Allison
Tyrone Glover
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, Colorado 80202
303-571-1000
303-571-1001 – facsimile
dkillmer@kln-law.com
lorshan@kln-law.com
rallison@kln-law.com
tglover@kln-law.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on this 5th day of April 2021 I filed this **PLAINTIFFS' MOTION PURSUANT TO RULE 4(d)(2) FOR AWARD OF FEES AND COSTS IN CONNECTION WITH SERVICE OF PROCESS OF DEFENDANT JOSHUA ARCHER** via CM/ECF, which will generate a Notice of Electronic Filing to the following:

Anne Turner
Assistant City Attorney
City of Colorado Springs
30 S. Nevada Ave., Suite 501
Colorado Springs CO 80903
Anne.Turner@coloradosprings.gov

              *s/ Charlotte Bocquin Scull*
              Paralegal