| | |
|---|---|
| **From:** | Turner, Anne |
| **To:** | Darold Killmer |
| **Cc:** | Liana Orshan; Reid Allison; Tyrone Glover; Charlotte Scull; Zehner, Julie; Tom Kelley |
| **Subject:** | RE: Melvin v. Colorado Springs, et al. |
| **Date:** | Friday, April 24, 2020 5:32:33 PM |

Good afternoon, Darold,

We may just have to agree to disagree on this one. For a variety of reasons, our former employee—a police officer, no less—understandably has an expectation that the City will keep confidential his home contact information. CORA directs that the information "shall" not be provided, and while we are in litigation, we are not yet in discovery. Initial disclosures are not yet due. Thus, there is no obligation under court rules to produce the information now. Furthermore, it is not clear to me that you absolutely need the information from the City at this time. I haven't looked myself, but there may be publicly available information that, with a little effort, could eliminate this dispute. Surely, a plaintiff must do more to attempt to satisfy its burden to serve each defendant with process than simply ask defendant's counsel for a defendant's last known address. I appreciate your anticipated understanding of the City's perspective.

On a separate issue, I'm looking ahead to the case schedule. I see that we are to participate in a Rule 26(f) conference by May 18, to submit a proposed scheduling order by June 1, and to attend the scheduling conference on June 8. According to the waivers of service, the City's and Defendant Patterson's answer to the complaint is not due until June 15, and I anticipate needing that time due to the difficulties of working remotely and the balance of my obligations during these unprecedented times. I would like to ask Judge Tafoya to move the Scheduling Conference back, at least to mid-July, so that we can see what's in their answers or whether a motion to dismiss may dispose of any claims. As you well know, a motion to dismiss asserting qualified immunity would entitle the individual defendant to a stay of discovery, and proceeding with piecemeal or potentially unnecessary discovery does not serve anyone's interests. Would you please let me know your position on a motion to move the Scheduling Conference at least to mid-July for the purpose of proceeding methodically and efficiently with the litigation? Thank you.

I too hope that you and your team are staying well and likewise look forward to working with you on this case. Have a good weekend!

Regards,
Anne


**Anne H. Turner**
Assistant City Attorney
City of Colorado Springs
(719) 385-5909
Anne.Turner@coloradosprings.gov

EXHIBIT 1



CONFIDENTIALITY NOTICE

If you have received this message in error, please delete it immediately and call 719-385-5909 to advise me that you received it. This electronic mail message and any accompanying documents contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. Again, if you have received this message in error, please delete it immediately, and call 719-385-5909 to advise me that you received it. Thank you.

**From:** Darold Killmer [mailto:dkillmer@kln-law.com]
**Sent:** Wednesday, April 22, 2020 7:53 PM
**To:** Turner, Anne <Anne.Turner@coloradosprings.gov>
**Cc:** Liana Orshan <lorshan@kln-law.com>; Reid Allison <rallison@kln-law.com>; Tyrone Glover <glover@sslhlaw.com>; Charlotte Scull <cscull@kln-law.com>; Zehner, Julie <Julie.Zehner@coloradosprings.gov>; Tom Kelley <tkelley@kln-law.com>
**Subject:** RE: Melvin v. Colorado Springs, et al.

**CAUTION! - External Email. Malware is most commonly spread through unknown email attachments and links. DO NOT open attachments or click links from unknown senders or unexpected email!**

Anne - .  You told us we would have to sue the City to obtain any remedy for Mr. Melvin's killing, so we did.  I was not making a CORA request, I was making a legitimate request for disclosure under Rule 26, which requires voluntary disclosure of information obviously necessary for a civil action to proceed efficiently. In fact, CORA disqualifies some requesters when the records 'are related to pending litigation and are discoverable pursuant to' discovery rules, obviously preferring that route.  See § 24-72-204(5)(b).  I don't believe Judge Arguello would appreciate the City willfully withholding information that is mandatorily disclosable under Rule 26(a)(1)A) under these circumstances.  That Rule provides that "**a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual** likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses…".

Withholding this mandatorily disclosable information will merely increase the costs of service of

process, something explicitly frowned upon by Rule 4, F.R.Civ.P.  Your anticipated cooperation and professionalism in providing this information is greatly appreciated.  Thank you, and have a nice evening.

Regards,

Darold

Darold W. Killmer
Killmer, Lane & Newman, LLP
1543 Champa St., Suite 400
Denver, CO 80202
(303) 571-1000
dkillmer@kln-law.com

---

**From:** Turner, Anne <Anne.Turner@coloradosprings.gov>
**Sent:** Wednesday, April 22, 2020 4:48 PM
**To:** Darold Killmer <dkillmer@kln-law.com>
**Cc:** Liana Orshan <lorshan@kln-law.com>; Reid Allison <rallison@kln-law.com>; Tyrone Glover <glover@sslhlaw.com>; Charlotte Scull <cscull@kln-law.com>; Zehner, Julie <Julie.Zehner@coloradosprings.gov>
**Subject:** RE: Melvin v. Colorado Springs, et al.

Hello Darold,
The Colorado Open Records Act ("CORA") instructs that the custodian of records "shall deny the right of inspection to … [p]ersonnel files," which it defines to include home addresses and telephone numbers. C.R.S. §§ 24-72-204(3)(a)(II)(A); 24-72-202(4.5). The directive is mandatory. I therefore won't be supplying any last known address or telephone number for Joshua Archer.

Regards,
Anne


**Anne H. Turner**
Assistant City Attorney
City of Colorado Springs
(719) 385-5909
Anne.Turner@coloradosprings.gov



CONFIDENTIALITY NOTICE

If you have received this message in error, please delete it immediately and call 719-385-5909 to advise me that you received it. This electronic mail message and any accompanying documents contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. Again, if you have received this message in error, please delete it immediately, and call 719-385-5909 to advise me that you received it. Thank you.

**From:** Turner, Anne
**Sent:** Tuesday, April 21, 2020 10:19 AM
**To:** Darold Killmer <dkillmer@kln-law.com>
**Cc:** Liana Orshan <lorshan@kln-law.com>; Reid Allison <rallison@kln-law.com>; Tyrone Glover <glover@sslhlaw.com>; Charlotte Scull <cscull@kln-law.com>; Zehner, Julie <Julie.Zehner@coloradosprings.gov>
**Subject:** RE: Melvin v. Colorado Springs, et al.

Darold, I apologize. I didn't see your email from April 15. Yes, Defendant Archer no longer is an employee. Let me look into this and get back to you. Thanks, Anne

**From:** Darold Killmer [mailto:dkillmer@kln-law.com]
**Sent:** Tuesday, April 21, 2020 8:39 AM
**To:** Turner, Anne <Anne.Turner@coloradosprings.gov>
**Cc:** Liana Orshan <lorshan@kln-law.com>; Reid Allison <rallison@kln-law.com>; Tyrone Glover <glover@sslhlaw.com>; Charlotte Scull <cscull@kln-law.com>; Zehner, Julie <Julie.Zehner@coloradosprings.gov>
**Subject:** RE: Melvin v. Colorado Springs, et al.

**CAUTION! - External Email. Malware is most commonly spread through unknown email attachments and links. DO NOT open attachments or click links from unknown senders or unexpected email!**

Good morning, Anne – I don't think I saw a response to my questions in the email below. Why can't you accept service of process for Defendant Archer? And, to avoid unnecessary expenses of service of process, as contemplated by Rules 1 and 4, F.R.Civ.P., could you please provide to us his last known contact information, including his address and phone number? This information would be disclosed in the Rule 26(a) Initial Disclosures in any event, but there is no principled reason to wait since apparently we need to serve him personally. Thank you for your anticipated cooperation on this. I'll talk with you soon. I hope you are staying safe and healthy.

Darold

Darold W. Killmer

KILLMER, LANE & NEWMAN, LLP

1543 Champa St., Suite 400

Denver, CO 80202

(303) 571-1000

dkillmer@kln-law.com

---

**From:** Darold Killmer
**Sent:** Wednesday, April 15, 2020 11:34 AM
**To:** Turner, Anne <Anne.Turner@coloradosprings.gov>
**Cc:** Liana Orshan <lorshan@kln-law.com>; Reid Allison <rallison@kln-law.com>; Tyrone Glover <glover@sslhlaw.com>; Charlotte Scull <cscull@kln-law.com>; Zehner, Julie <Julie.Zehner@coloradosprings.gov>
**Subject:** RE: Melvin v. Colorado Springs, et al.

Thanks, Anne. Appreciated. Why can't you waive for Defendant Archer also? Is he no longer employed by the City? If so, do you have his last known contact information, like address, phone

number, etc.?  Thanks, and we look forward to working with you.

Best,

Darold

---

**From:** Turner, Anne <Anne.Turner@coloradosprings.gov>
**Sent:** Wednesday, April 15, 2020 10:56 AM
**To:** Darold Killmer <dkillmer@kln-law.com>
**Cc:** Liana Orshan <lorshan@kln-law.com>; Reid Allison <rallison@kln-law.com>; Tyrone Glover <glover@sslhlaw.com>; Charlotte Scull <cscull@kln-law.com>; Zehner, Julie <Julie.Zehner@coloradosprings.gov>
**Subject:** Re: Melvin v. Colorado Springs, et al.

Hello Darold,

I can waive service for the City and Daniel Patterson but not for Joshua Archer. I have copied my paralegal, Julie Zehner, on this email, as she will be working with me. We will watch for waivers of service for the City and Patterson.

I also look forward to working with you on this matter and appreciate your professional courtesy. Thank you and stay safe!

Regards,

Anne

---

**From:** Darold Killmer <dkillmer@kln-law.com>
**Sent:** Tuesday, April 14, 2020 10:39:15 AM
**To:** Turner, Anne
**Cc:** Liana Orshan; Reid Allison; Tyrone Glover; Charlotte Scull
**Subject:** Melvin v. Colorado Springs, et al.

**CAUTION! - External Email. Malware is most commonly spread through unknown email attachments and links. DO NOT open attachments or click links from unknown senders or unexpected email!**

Good morning, Anne –

    We filed the federal lawsuit on behalf of Mr. Melvin's estate. It is attached. Please confirm that you are authorized to accept service, obviating the need to personally serve the individual officers and the City. Once you confirm, our Paralegal Charlotte Scull will send you the forms for waiver and acceptance of service for all defendants. I appreciate your anticipated professional courtesy on this matter. I hope you are staying safe. Take care.

Best regards,

Darold

Darold W. Killmer

Killmer, Lane & Newman, LLP

1543 Champa St., Suite 400

Denver, CO 80202

(303) 571-1000

dkillmer@kln-law.com