| | |
|---|---|
| **From:** | Turner, Anne |
| **To:** | Reid Allison; Darold Killmer |
| **Cc:** | Liana Orshan; Tyrone Glover; Charlotte Scull; Scranton, Crystal |
| **Subject:** | RE: Melvin v. CSPD, et al. - Conferral and Contact Information for Officer Archer |
| **Date:** | Monday, July 6, 2020 3:06:47 PM |

Hello Reid,

I now have had a chance to review Darold's email and orders from the Estate of Emily Rice case. I did not find the orders to be on point as Darold characterized them. Based on the representations as to the efforts you've made to locate and serve Mr. Archer and the procedural posture of the case, Defendants City and Patterson will not oppose your motion for a 60-day extension to serve Defendant Archer. But I still don't see any authority requiring my disclosure of Mr. Archer's email address at this time absent court order. So, if you do mention my withholding his email address, I will want the opportunity to address that in a response to your motion. Thanks, Anne

**Anne H. Turner**
Assistant City Attorney
City of Colorado Springs
(719) 385-5909
Anne.Turner@coloradosprings.gov



CONFIDENTIALITY NOTICE

If you have received this message in error, please delete it immediately and call 719-385-5909 to advise me that you received it. This electronic mail message and any accompanying documents contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. Again, if you have received this message in error, please delete it immediately, and call 719-385-5909 to advise me that you received it. Thank you.

---

**From:** Reid Allison [mailto:rallison@kln-law.com]
**Sent:** Monday, July 06, 2020 9:45 AM
**To:** Darold Killmer <dkillmer@kln-law.com>; Turner, Anne <Anne.Turner@coloradosprings.gov>
**Cc:** Liana Orshan <lorshan@kln-law.com>; Tyrone Glover <glover@sslhlaw.com>; Charlotte Scull <cscull@kln-law.com>

**EXHIBIT 7**

**Subject:** RE: Melvin v. CSPD, et al. - Conferral and Contact Information for Officer Archer

**CAUTION! - External Email. Malware is most commonly spread through unknown email attachments and links. DO NOT open attachments or click links from unknown senders or unexpected email!**

Good morning, Anne,

Have you had a chance to review Darold's email & the orders he attached, and will you provide us with the contact information you have for Defendant Joshua Archer?

Regardless, we will be moving for an additional 60 days to serve Defendant Archer. If you plan to persist in withholding his contact information, that fact will be included in our motion.

Please let us know your position on this motion at your earliest convenience.

Thanks,
Reid Allison
Killmer, Lane & Newman, LLP
1543 Champa St., Suite 400
Denver, CO 80202
Ph -   303-571-1000
Fax - 303-571-1001
rallison@kln-law.com

---

**From:** Darold Killmer <dkillmer@kln-law.com>
**Sent:** Tuesday, June 30, 2020 9:12 AM
**To:** Turner, Anne <Anne.Turner@coloradosprings.gov>
**Cc:** Reid Allison <rallison@kln-law.com>; Liana Orshan <lorshan@kln-law.com>; Tyrone Glover <glover@sslhlaw.com>; Charlotte Scull <cscull@kln-law.com>
**Subject:** Melvin v. CSPD, et al. - Contact Information for Officer Archer

Anne –

It was nice talking with you in the Rule 26(f) conference yesterday.  You asked that I provide the Order entered by Judge Boyd Boland in the Emily Rice v. Denver, et al. litigation regarding the defendants' obligation to provide contact information of the defendants in that litigation.  Denver stubbornly refused our requests and attempts at conferral, but Judge Boland came down hard on Denver for doing so, ordering the information to be provided and also imposing sanctions against Denver for its intransigence.  I have attached four of the Orders issued on the matter.   One of the Orders [Doc. 300] was the culmination of the service of process issue, about which we had several hearings.  In this Order, Judge Boland awards attorney fees against Denver pursuant to F.R.Civ.P. 4(d) for the game-playing in trying to hide the individual defendant, exactly like what is happening with Defendant Archer.   The next Order [Doc. 329] required the production of the personal identifying information (**including email addresses**), There was no legitimate basis for Denver to shroud the contact information of this former deputy in our attempts to serve the Complaint on her, and Denver was punished for doing so.  A third Order [Doc. 344] denied Denver's attempt to stay the

order of production, noting that the information could be maintained as confidential by plaintiffs' counsel (as you know, we have agreed to maintain contact information of Officer Archer confidentially, using it only for purposes of prosecuting our case).

By the way, Judge Krieger affirmed Judge Boland's Orders in full, in an order which I've also attached.  [Doc. 363].

I commend the reading of all 4 of these orders, but in short, your resistance to providing the information in your possession is unwarranted.  Judge Boland noted as follows:

> As to most of the personal identifying information, the Law Enforcement Defendants have made no showing that it is maintained as private. For example, common experience is that
> most people do not adequately protect from disclosure their birth dates, home addresses or
> telephone numbers, e-mail addresses, or drivers' license numbers so as to reasonably call them
> private or confidential. Instead, that information is regularly disclosed to friends, relatives,
> vendors, credit card companies, schools, childrens' sports teams, on hotel registers, and the like.
> There is no evidence here that the Law Enforcement Defendants have maintained this information as private or confidential.

Rice v. Denver, et al., [Doc. 329].

Anne, you need to provide all of the contact information you have regarding Defendant Archer.  We will maintain it confidentially, for use only in the prosecution of our case.  The City's continued refusal to provide this information, which is mandatorily disclosable pursuant to Rule 26 and obviously discoverable pursuant to the Federal Rules of Civil Procedure, is unwarranted and not in good faith, particularly given that you now see how this exact issue has gone for other recalcitrant municipalities in previous civil rights cases.

Please provide the information promptly.

Darold

Darold W. Killmer
KILLMER, LANE & NEWMAN, LLP
1543 Champa St., Suite 400
Denver, CO 80202
(303) 571-1000
dkillmer@kln-law.com