IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00991-CMA-KMT

ESTATE OF JEFFREY MELVIN, by and through its personal representative Jeffrey Melvin Sr.,

 Plaintiff,

v.

CITY OF COLORADO SPRINGS, COLORADO,
DANIEL PATTERSON, in his individual capacity, and
JOSHUA ARCHER, in his individual capacity,

 Defendants.

---

**ORDER AFFIRMING IN PART AND REJECTING IN PART
MAGISTRATE JUDGE RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathleen Tafoya. (Doc. # 75). Judge Tafoya recommends that Defendant's Motion to Dismiss (Doc. # 41) be granted in part and denied in part. Plaintiff, the Estate of Jeffrey Melvin, now objects. (Doc. # 79). For the following reasons, the Court sustains the Objection. Judge Tafoya's Recommendation is affirmed in part and rejected in part, and the Court orders that the Motion to Dismiss is denied.

I. **BACKGROUND**

This is a 42 U.S.C. § 1983 case arising from the death of Jeffrey Melvin. (Doc. # 10). According to the Complaint, Melvin, an African American man, died after being forcibly restrained, choked, and repeatedly electrocuted by Taser at the hands of two

1

Colorado Springs police officers. (Doc. # 30, ¶ 2). Plaintiff is now suing those officers, Daniel Patterson and Joshua Archer, alleging excessive force in violation of the Fourth and Fourteenth Amendments. (Doc. # 30, ¶¶ 67-86). Plaintiff is also suing the City of Colorado Springs, alleging that "using excessive force against African American men," is the "custom, practice, and policy" of the Colorado Springs Police Department, and that such policy was "a moving force [behind] and proximate cause of" the officers' conduct. (Doc. # 30, ¶¶ 52, 57).

Defendants moved to dismiss the claims against the City of Colorado Springs under F.R.C.P. 12(b)(6), arguing that Plaintiff failed to plead a plausible claim for municipal liability.[1] (Doc. # 41). This Court referred the Motion to Judge Tafoya, who recommends granting the Motion. (Doc. # 75).

Plaintiff now objects to Judge Tafoya's recommendation. (Doc. # 79). Plaintiff contends that he[2] has pled a plausible municipal-liability claim, and that his Complaint therefore survives dismissal. The Court agrees with Plaintiff and sustains the objection.

## II.     LEGAL STANDARDS

### A.     REVIEW OF A MAGISTRATE JUDGE'S RECOMMENDATION

Under 28 U.S.C. § 636(a)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge submits a recommendation, the Court must "determine *de novo* any

---

[1] Defendants also moved to dismiss Plaintiff's Equal Protection claim, but Plaintiff stipulated in its Response to the Motion (Doc. # 48) that he has withdrawn that claim. Therefore, Judge Tafoya recommends denying the request to dismiss the equal protection claim, as it is now moot. The Court agrees with Judge Tafoya's recommendation on this claim.

[2] Though the Plaintiff is the Estate of Jeffrey Melvin, these claims are being brought by the personal representative of the Estate, Jeffrey Melvin Sr. Therefore, the Court refers to Plaintiff as "he" rather than "it" in this Order.

part of the magistrate judge's [recommended] disposition that has been properly objected to." F.R.C.P. 72(b)(3).

## B.     DISMISSAL STANDARD UNDER F.R.C.P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted).

### III.  ANALYSIS

To state a claim for municipal liability under § 1983, a plaintiff must allege facts which, if true, would establish "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. Cty. Bd. of Cty. Commr's*, 151 F.3d 1313, 1316 (10th Cir. 1998). Judge Tafoya concluded that Plaintiff failed to establish the second element. Specifically, Judge Tafoya found that Plaintiff's Complaint made "conclusory allegations [that] fail to demonstrate that there was some unwritten policy or custom that was so permanent and well settled as to constitute a 'custom or usage' with the force of law." (Doc. # 75, pp. 7-8 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978))). Plaintiff now objects to this conclusion. (Doc. # 79). Plaintiff argues that his Complaint plausibly alleged that the City knew that its police department had a "history of using excessive force, particularly against people of color" and that the city "could have and should have trained its officers about the proper use of force, the prohibition against excessive force, and how to recognize and guard against implicit and explicit racial bias." (Doc. # 79, p. 2). The Court agrees with Plaintiff.

A municipal policy need not take the form of a formal regulation or policy statement. *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (internal citations and quotations omitted). As relevant here, a municipal policy can also be a "failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused." *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (internal citations and quotations omitted). However, "the inadequacy of police training may serve as a basis for § 1983 liability

4

only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Thus, to establish a city's liability under 42 U.S.C. § 1983 for inadequate training of police officers in the use of force, a plaintiff must show (1) the officers exceeded constitutional limitations on the use of force; (2) the use of force arose under circumstances that constitute a usual and recurring situation with which police officers must deal; (3) the inadequate training demonstrates a deliberate indifference on the part of the city toward persons with whom the police officers come into contact, and (4) there is a direct causal link between the constitutional deprivation and the inadequate training. *Zuchel v. City and County of Denver*, 997 F.2d 730, 734–35 (10th Cir.1993). The Court finds that Plaintiff has plausibly pled each of these elements.

      Plaintiff's Complaint alleges specific, non-conclusory facts that, if true, would demonstrate that the City of Colorado Springs failed to adequately train its police officers, and that such failure amounts to deliberate indifference to the rights of persons with whom the police come into contact. Plaintiff alleges that the officers exceeded constitutional limitations on the use of force by applying excessive force to an unarmed man who was not suspected of any crime (Doc. # 30, ¶¶ 2-3, 20-35); that the use of force arose under a usual, recurring situation with which police officers must deal – namely, a routine response to a domestic disturbance (Doc. # 30, ¶¶ 13-17); that the officers' conduct was linked to a lack of adequate training on the issue of racially biased policing (Doc. # 30, ¶¶ 56-64); and that inadequate training demonstrates deliberate indifference on the part of the City (Doc. # 30, ¶¶ 56-64). Thus, Plaintiff has satisfied the pleading standard for a municipal-liability claim.

Judge Tafoya found, however, that dismissal was warranted because Plaintiff's Complaint "fails to show that [prior incidents referenced in the Complaint] were the same or substantially similar to its alleged constitutional injury." (Doc. # 75, pp. 7-8). The Court disagrees that this is a basis for dismissal.[3] "[A] showing of specific incidents which establish a pattern of constitutional violations is not necessary to put the City on notice that its training program is inadequate. Rather, evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, is sufficient to trigger municipal liability." *Allen v. Muskogee*, 119 F.3d 837, 842 (10th Cir. 1997). As discussed above, Plaintiff has alleged facts which, if true, would demonstrate that the City was on notice of at least one similar prior violation of federal rights, giving rise to an obligation to train. The Plaintiff has also alleged that, despite this obligation, the City has failed to provide the necessary training. These allegations are "sufficient to trigger municipal liability." *Id*. Further, Plaintiff's allegations of racially biased policing in the City of Colorado Springs (Doc. # 30, ¶¶ 56-64) are "sufficient to support an inference that the need for different training was so obvious and the inadequacy so likely to result in violation of constitutional rights that the policymakers of the City could reasonably be said to have been deliberately indifferent to the need." *Allen*, 119 F.3d. at 844. Thus, Plaintiff's municipal-liability claim survives dismissal.

---

[3] The Court agrees with Judge Tafoya that Plaintiff's Complaint contains a number of conclusory allegations. (*See, e.g.*, Doc. # 30, ¶¶ 13, 22, 23, 36). However, while these conclusory assertions are not helpful to Plaintiff's case, they do not warrant dismissal in light of the Complaint's remaining non-conclusory allegations.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Objection (Doc. # 79) is SUSTAINED. Judge Tafoya's Recommendation (Doc. # 75) is AFFIRMED as to the recommendation to deny the request to dismiss the equal protection claim, as it is now moot. Judge Tafoya's Recommendation is REJECTED with respect to the recommendation to grant Defendant's Motion to Dismiss.   It is

FURHTER ORDERED that the Court DENIES Defendant's Motion to Dismiss (Doc. # 41) for the reasons previously stated.

DATED: September 29, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge