IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 20–cv–00991–CMA–MDB

ESTATE OF JEFFREY MELVIN, by and through its personal representative Jeffrey Melvin Sr.,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS, COLORADO,
DANIEL PATTERSON, in his individual capacity, and
JOSHUA ARCHER, in his individual capacity,

    Defendant.

# ORDER

**Magistrate Judge Maritza Dominguez Braswell**

This matter comes before the court on Defendants Joshua Archer ["Defendant Archer" or "Officer Archer"], Daniel Patterson ["Defendant Patterson" or "Officer Patterson"] [together, "Officer Defendants"], and the City of Colorado Springs, Colorado's ["the City"] [together with Officer Defendants, "Defendants"] "Motion to Stay Discovery and to Vacate the Final Pretrial Conference." (["Motion to Stay"], Doc. No. 126.) Plaintiff has filed an expedited Response, contesting Defendants' Motion to Stay. (Doc. No. 129.) Having reviewed the Motion and associated briefing, the applicable case law, and being otherwise advised in its premise, the court DENIES the Motion to Stay.

**STATEMENT OF THE CASE**

Plaintiff Estate of Jeffery Melvin (["Melvin Estate" or "Mr. Melvin"], brings this action for alleged violations of Mr. Melvin's federal constitutional rights. On April 26, 2018, Mr. Melvin died after an encounter with Colorado Springs Police Officers Daniel Patterson and Joshua Archer in which he was detained, pepper sprayed, and repeatedly tasered. (Doc. No. 30. ¶¶ 19–34.) Plaintiff initiated this action by filing a Complaint on April 8, 2020. (*See Generally* Doc. No. 1.) Plaintiff later filed an Amended Complaint on July 1, 2020. (*See Generally* Doc. No. 30.) Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for (1) excessive use of force in violation of the Fourth Amendment against the Officer Defendants and (2) failure to train against the City of Colorado Springs. (*Id.*)

The Honorable Christine M. Arguello referred the case to Magistrate Judge Kathleen Tafoya pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) on June 17, 2020. (Doc. No. 25.) After Judge Tafoya's retirement, the case was reassigned to the undersigned. (Doc. No. 117.) On September 29, 2021, Judge Arguello denied the City's motion to dismiss. (Doc. No. 92.) On August 11, 2022, the Officer Defendants filed a motion for summary judgment on Plaintiff's claims, arguing they are entitled to qualified immunity. (Doc. No. 123.)

This Motion to Stay, joined by all Defendants, was filed after the motion for summary judgment, and seeks to stay all discovery until the Officer Defendants' motion for summary judgment is ruled upon. (Doc. No. 126.) Discovery is currently set to conclude on October 20, 2022. (Doc. No. 122.) Defendants also seek to vacate the final pretrial conference, currently scheduled for January 30, 2023. (*Id.*) Defendants argue that the Court should impose a stay because "the burden and prejudice to Defendants, the Court's convenience and interest in judicial

economy and efficiency, and the interests of the public all outweigh Plaintiff's general interest in prosecuting the claims." (*Id.* at 10–11.)

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion for summary judgment is pending. Whether to stay discovery during a proceeding is left to the trial court's discretion. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). In this judicial district, however, discovery stays are an exception rather than the rule. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009) ("This District generally disfavors stays of discovery."). Even in cases where defendants raise a qualified immunity defense, courts within the District of Colorado generally disfavor a stay of all discovery. *See, e.g.*, *Estate of Ronquillo v. City & Cnty. of Denver*, 2016 WL 10842586, at *3 (D. Colo. Nov. 14, 2016) ("[Q]ualified immunity does not protect an official from all discovery, but only from that which is 'broad-reaching.'") (quoting *Crawford-El v. Britton*, 523 U.S. 574, 593, n.14 (1998) (emphasis in original)); *Wanstall v. Armijo*, 2014 WL 4636457, at *3 (D. Colo. Sept. 16, 2014) ("[A] qualified immunity defense does not automatically bar all discovery.").

Upon a showing of good cause, a protective order is appropriate to stay discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). When considering a stay of discovery, Courts in this district generally consider the following factors: (1) the plaintiff's interests in proceeding expeditiously

with the civil action and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants in going forward; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

## ANALYSIS

Defendants offer two reasons for staying discovery pending the resolution of their Motion for Summary Judgment. First, they argue that the court should stay all discovery because the Officer Defendants, sued in their individual capacities, have asserted qualified immunity defenses to suit in their Motion for Summary Judgment. Second, Defendants argue that the *String Cheese* factors weigh in favor of staying discovery until the court rules on their Motion for Summary Judgment.

### I.     Qualified Immunity

Under 42 U.S.C. § 1983, "an injured person [may] seek damages against an individual who has violated his or her federal rights while acting under color of state law." *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014) (quoting *Cillo v. City of Greenwood Village*, 739 F.3d 451, 459 (10th Cir. 2013)). In response to a § 1983 suit, an individual defendant may assert a qualified immunity defense. Qualified immunity "shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotations omitted). A successful qualified immunity defense provides "immunity from suit rather than a mere defense to liability." *Martin v. County of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) (quoting *Jiron v. City of Lakewood*, 392

4

F.3d 410, 414 (10th Cir. 2004). Immunity from suit can include avoiding "pretrial matters [such] as discovery." *Id.* However, "asserting a qualified immunity defense is not necessarily "a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). Indeed, the court may consider certain relevant factors in determining whether to grant a stay of discovery based on qualified immunity.

Relevant here is the timing of the Motion to Stay. As Plaintiff points out in its Response, the period for discovery, which has been open for quite some time, is nearly over.[1] Indeed, Plaintiff represents that the vast majority of remaining discovery will involve the City, with few direct requirements of the Officer Defendants who are asserting qualified immunity. (Doc. No. 129.) The timing of the Motion to Stay somewhat undercuts the Officer Defendants' qualified immunity argument. Because the Motion has been brought so late in discovery—after much or all discovery directly involving the Officer Defendants—a stay based on qualified immunity would seemingly do little to protect them from the "burdens of litigation." *Martin*, 626 F. App'x at 740. The Officer Defendants have already participated in the litigation substantially, and the most taxing involvement appears completed.

Also relevant here is that a qualified immunity defense would not be dispositive of all claims in the proceeding. The City acknowledges that it cannot invoke qualified immunity on the failure to train claim. (Doc. No. 126 at 5.) And though the City argues that Plaintiff's claim against the City is "inextricably intertwined" with the claim against the Officer Defendants—and thus it is also entitled to a stay of discovery on the same basis—a successful qualified immunity defense does not necessarily shelter a municipality from liability, depending on the grounds for

---

[1] Discovery is scheduled to close on October 20, 2022. (Doc. No. 122.)

5

which qualified immunity is granted. (Doc. No. 126 at 5.); *see Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) ("[A] finding of qualified immunity does not [necessarily] shelter a municipality from liability."). The case against the City could continue even if the Officer Defendants were granted qualified immunity. In other words, the Officer Defendants' invocation of qualified immunity, in and of itself, does not warrant a stay of discovery. *Cf. Lopez v. Gonzales*, No. 18-cv-03233-MEH, 2020 WL 417590, at *1–2 (D. Colo. Jan. 27, 2020) (granting a motion to stay discovery in part because the pending qualified immunity defense "if granted, could fully dispose of" the case and writing that "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case" (citation omitted)). Next, the court considers whether a stay is warranted based on the *String Cheese* balancing test factors.

## II. *String Cheese* Factors

Courts in the District of Colorado typically consider five factors when deciding whether to grant a motion to stay: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants in going forward; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident,* LLC, 2006 WL 894955, at *2. After reviewing these factors, the court will decline to order a stay of discovery.

### a. Plaintiff's Interest

Plaintiff has a strong interest in proceeding expeditiously with its case. *Sanchez v. Hartley*, No. 13-cv-01945-WJM-CBS, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016) ("[A] private citizen is entitled to claim the timely protection of the law."). While it's true that "virtually all plaintiffs" have a "general" interest in proceeding quickly, here, this interest

6

appears particularly pressing. *Edwards v. Zenimax Media, Inc.*, No. 12-cv-00411-WYD-KLM, 2021 WL 1801981, at *2 (D. Colo. May 17, 2012). This case, stemming from the death of an individual over four years ago, was initiated over two years ago and discovery is finally coming to a close. Delaying it further would undoubtedly impact Mr. Melvin's family, who has already a substantial amount of time waiting to know whether anyone will be found liable for Mr. Melvin's death. Delaying this case via a stay would be prejudicial to Plaintiff.

    b. The Burden on Defendants

Defendants contend that they would be subject to a significant burden if discovery is allowed to continue while the court considers the Officer Defendant's motion for summary judgment. Defendants point to (1) extensive expert discovery, (2) a likely 30(b)(6) deposition of the city, and (3) the drafting of a proposed final pretrial order as significant efforts that could all be for naught, depending on the court's ruling on the pending summary judgment motion. (Doc. No. 126 at 7–9.) Plaintiff argues in response that Defendant simply describes the "ordinary burdens [of] litigating a case" and further notes that awarding summary judgment to the Officer Defendants would not necessarily be dispositive of the entire case. (Doc. No. 129 at 10, 11); *Lester v. Gene Express, Inc.*, 09-cv-02648-REB-KLM, 2010 WL 743555, at *1 (D. Colo. Mar. 2, 2010).

While the Court acknowledges the heavy workload that can come with litigating a case such as this, it cannot say that Defendants' burden without a stay outweighs the prejudice to Plaintiff with one. At this stage in the litigation, particularly considering the length of time this case has been pending, Plaintiff's interest in moving the case forward is quite high. Further, as discussed above, a grant of qualified immunity to the Officer Defendants would not necessarily

be dispositive of all claims in this suit. *Hinton*, 997 F.2d at 782 (articulating instances when a successful qualified immunity defense would and would not preclude associated municipal liability). Even *if* the Officer Defendants prevailed on their summary judgment motion, extensive discovery may still be required.

    c. The Court's Convenience

The District's general rule to avoid discovery stays while a dispositive motion is pending recognizes that there are "burdens to the court and to the public in delaying, potentially for months, those cases where a [dispositive] motion is filed." *Sutton v. Everest Nat'l Ins. Co.*, 07-cv-00425-WYD-BNB, 2007 WL 1395309 at *2 (D. Colo. May 9, 2007). While every motion to stay comes with different considerations, stays—and the delay that comes with them—are usually not convenient. *See Patterson v. Santini*, 11-cv-01899-RM-KLM, 2014 WL 349085 at *3 (D. Colo. Jan. 31, 2014) ("It is not convenient for the Court to have stale cases cluttering its docket."). "The [c]ourt is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from the imposition of a stay makes the Court's docket less predictable and, hence, less manageable." *Lester*, 2010 WL 743555, at *2 (D. Colo. Mar. 2, 2010) (adding that this is particularly the case when "the stay is tied to…pending motion on which ultimate success is not guaranteed"). This factor weighs against a stay of discovery.

    d. Interest of Non-Parties

This factor is neutral as neither party has identified any specific non-parties who may be affected by a stay.

    e. Public Interest

Finally, the public interest tends to cut against a stay. While the public indeed has an interest in "avoiding wasteful efforts by the court and the litigants," it also has an interest in moving matters forward, and a more substantial interest in learning about the policies and practices of the Colorado Springs Police Department to ensure it is "operating within the bounds of the law." *Est. of Burnett v. City of Colorado Springs*, No. 21-cv-01708-WJM-KMT, 2022 WL 21860, at *3 (D. Colo. Jan. 25, 2022); *Morgan v. Clements*, 12-cv-00936-REB-KMT, 2013 WL 950876, at *5 (D. Colo. Mar. 12, 2013). Further, going forward with discovery while the court considers the Officer Defendants' motion for summary judgment will not be unusually wasteful. Because, as noted above, the Officer Defendants have put forward a qualified immunity defense relatively late in the course of discovery, the money, time, and resources that a stay could save are likely to be less than in other matters.

In sum, the Court finds that neither Defendants' qualified immunity argument nor the *String Cheese* factors demonstrate that a stay of discovery is warranted. Accordingly, Defendants' Motion to Stay Discovery and to Vacate the Final Pretrial Conference (Doc. No. 126.) is **DENIED**.

Dated this 1st day of September, 2022.

                                               **BY THE COURT:**

                                               Maritza Dominguez Braswell
                                               United States Magistrate Judge