IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 20-cv-00991-CMA-STV

ESTATE OF JEFFREY MELVIN, by and through its personal representative Jeffrey Melvin Sr.,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS, COLORADO,
DANIEL PATTERSON, in his individual capacity, and
JOSHUA ARCHER, in his individual capacity,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS

This matter is before the Court on Plaintiff's Motion to Certify Defendants' Appeal as Frivolous. (Doc. # 189.) For the following reasons, the Court denies the Motion.

### I.    BACKGROUND

This is a 42 U.S.C. § 1983 case arising from the death of Jeffrey Melvin and brought by his estate ("Plaintiff"). (Doc. # 1.) The Court incorporates its recitation of the facts of this case from its March 8, 2023 Order Denying Defendants' Motion for Summary Judgment. (Doc. # 182.)

In the March 8, 2023 Order, the Court denied (1) Individual Defendants Daniel Patterson and Joshua Archer's Motion for Summary Judgment (Doc. # 123) and (2) Defendant City of Colorado Springs's Motion for Summary Judgment (Doc. # 150). The

Court found that Individual Defendants, who are former officers of the Colorado Springs Police Department, are not entitled to qualified immunity because Plaintiff presented a triable issue as to whether Individual Defendants unreasonably used excessive force in violation of Mr. Melvin's rights under the Fourth Amendment when they subjected him to up to 8 Taser deployments in a period of approximately 90 seconds. (Doc. # 182 at 17–27.) Significantly, the Court found that several disputes of material fact precluded summary judgment on the reasonableness of Individual Defendants' use of force, including (1) whether Individual Defendants reasonably perceived only of the Taser deployments against Mr. Melvin to be "effective"; (2) how many of the Taser deployments had a "good connection"; and (3) whether Mr. Melvin had adequate time or ability to comply with Individual Defendants' orders prior to each Taser deployment. (*Id.*) Viewing the evidence in the light most favorable to Plaintiff, the Court determined that a reasonable jury could determine that Individual Defendants' repeated Taser deployments in quick succession against Mr. Melvin constituted unreasonable and excessive force under the Fourth Amendment. The Court further concluded that it is clearly established that disproportionate use of a Taser on a nonviolent arrestee not suspected of a serious crime constitutes excessive force. (*Id.* at 26–27.) As such, the Court determined that Individual Defendants are not entitled to qualified immunity and denied their motion for summary judgment.

The Court also denied the City of Colorado Springs's ("the City") Motion for Summary Judgment on Plaintiff's municipal liability claim based on a failure to adequately train officers on use of force. Because the Court found a triable issue as to

whether Individual Defendants exceeded constitutional limitations on the use of force, the Court found that Plaintiff established the first element of the failure to train claim for purposes of resolving the summary judgment motion. (*Id.* at 29.) The Court further found that several genuine disputes of material fact precluded summary judgment on the adequacy of the City's training. (*Id.* at 31.) Therefore, the Court concluded that summary judgment was not appropriate on the municipal liability claim and denied the City's motion for summary judgment as well. (*Id.* at 33.)

Defendants filed a Notice of Appeal of the Court's summary judgment order on March 13, 2023. (Doc. # 184.) On March 29, 2023, Plaintiff filed the instant Motion to Certify Defendants' Appeal as Frivolous. (Doc. # 189.) The matter is now ripe for review.

## II.     LEGAL STANDARD

A federal district court's denial of a claim of qualified immunity, to the extent it turns on an issue of law, may be the subject of an interlocutory appeal. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Recognizing that "this divestiture of jurisdiction is subject to abuse and can unreasonably delay trial," the Tenth Circuit has adopted a procedure by which a district court may certify an appeal as frivolous and retain jurisdiction to adjudicate the case. *Langley v. Adams Cnty.*, 987 F.2d 1473, 1477 (10th Cir. 1993). Specifically, the district court may retain jurisdiction if the court "(1) after a hearing and, (2) for substantial reasons given, (3) f[inds] the claim

3

[raised on appeal] to be frivolous." *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990) (quoting *United States v. Hines*, 689 F.2d 934, 936–37 (10th Cir. 1982)).

### III.   DISCUSSION

Plaintiff argues that the Court should certify the appeal as frivolous because the Court's denial of summary judgment in this case "was premised on disputed issues of material fact" rather than abstract legal issues. (Doc. # 189 at 4.) In addition, Plaintiff argues that the City's appeal is frivolous because municipalities are not entitled to qualified immunity and "cannot invoke the collateral order doctrine to justify appeal of an otherwise nonappealable decision." (*Id.* at 9) (quoting *Paugh v. Uintah Cnty.*, 47 F.4th 1139, 1171–72 (10th Cir. 2022)). Finally, Plaintiff contends that policy reasons exist to certify the appeal as frivolous because Defendants "have already succeeded in delaying this action for years" and further delay would harm the public interest and the interests of third parties who may be affected by the litigation. (*Id.* at 11.) Defendants respond that their appeals pose appropriate questions of law and that the City's claim is "inextricably intertwined" with the issue of Individual Defendants' qualified immunity such that it is properly reviewable on appeal. (Doc. # 190.) For these reasons, Defendants contend that Plaintiff has not met the high burden of establishing the appeals are so groundless that the Court can certify them as "frivolous."

Plaintiff is correct that to the extent a denial of qualified immunity turns on factual issues, the issue is not appropriate for resolution by an appellate court. *See Johnson v. Jones*, 515 U.S. 304, 317 (1995) (drawing a distinction between fact-based and law-based appeals and concluding that fact-based appeals regarding qualified immunity are

4

not appropriate); *Valdez v. Motyka*, 804 F. App'x 991, 994 (10th Cir. 2020) (unpublished) (citing *Johnson* for the proposition that a defendant invoking a qualified immunity defense may not appeal a district court's summary judgment order insofar as the order determines that there is a genuine issue of fact for trial); *Fancher v. Barrientos*, 723 F.3d 1191, 1199 (10th Cir. 2013) ("[I]n reviewing the district court's rejection of [the defendant's] qualified immunity defense, 'we must scrupulously avoid second-guessing the district court's determinations regarding whether [the plaintiff] has presented *evidence* sufficient to survive summary judgment.'" (quoting *Clanton v. Cooper*, 129 F.3d 1147, 1153 (10th Cir. 1997))). However, the Tenth Circuit has clarified that certain "[a]bstract issues of law" implicated in a qualified immunity decision are appropriate to review on appeal, notwithstanding other factual issues. *Surat v. Klamser*, 52 F.4th 1261, 1269 (10th Cir. 2022). These include "(1) whether the facts that the district court ruled a reasonable jury could find would suffice to show a legal violation" and "(2) whether that law was clearly established at the time of the alleged violation." *Id.* (quoting *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1162 (10th Cir. 2021)). Although an appellate court may not review "determinations of evidentiary sufficiency," the court can review the above issues "by taking as true the facts the district court 'conclude[d] a reasonable jury could find . . . in favor of the plaintiff.'" *Id.* at 1270 (quoting *Vette*, 989 F.3d at 1162). In the instant case, for example, the Tenth Circuit could take the facts viewed in the light most favorable to Plaintiff as true and choose to review this Court's determination that those facts—demonstrating that the officers deployed their Tasers up to 8 times against Mr. Melvin in approximately 90 seconds—

5

suffice to show a constitutional violation. The Tenth Circuit could also review this Court's conclusion that is clearly established that such conduct constitutes excessive force in violation of the Fourth Amendment based on existing Tenth Court authority addressing Taser use on misdemeanant arrestees.

The Court stands by its Order Denying Defendants' Motion for Summary Judgment and reiterates that this case should proceed to trial. The Court is also mindful that this case has been pending for a very long time and that Plaintiff and the public have a strong interest in resolving the matter promptly and efficiently. Nevertheless, the Court concludes that it cannot certify the appeal as "frivolous" because Plaintiff has not established that Defendants' appeal "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Sanchez v. Hartley*, No. 13-cv-1945-WJM-CBS, 2014 WL 5904755, at *1 (D. Colo. Nov. 13, 2014) (denying a motion to certify appeal as frivolous in part because "[q]ualified immunity is a difficult issue, and one on which lower courts are routinely reversed"); *Howards v. Reichle*, No. 06-cv-01964-CMA-CBS, 2009 WL 2338086, at *4 (D. Colo. July 28, 2009) (denying motion to certify appeal as frivolous because the appeals "d[id] not reach the depths of frippery required for this Court to label them frivolous or uncolorable"); *Clifton v. Eubank*, No. 00-K-2555, 2007 WL 465621, at *1 (D. Colo. Feb. 8, 2007) (denying motion to certify appeal as frivolous, despite the strength of plaintiff's arguments, because "certification must be rare" and the court "d[id] not wish to foment the chaos that ensues when two courts assert jurisdiction over a case at the same time"). Because the Court is not convinced that Defendants' appeal utterly lacks legal support, the Court finds it more

appropriate to defer the issue of appellate jurisdiction to the Tenth Circuit. *See Jackson v. Besecker*, No. 15-cv-1192-JLK, 2016 WL 9632935, at *3 (D. Colo. Oct. 26, 2016) (standing by the court's rulings in its summary judgment order but denying the motion to certify appeal as frivolous based on "a desire to avoid a jurisdictional tug-of-war with the Court of Appeals and the high standard for demonstrating frivolousness").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Certify Defendants' Appeal as Frivolous (Doc. # 189) is DENIED.

DATED:   May 12, 2023

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge